## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID A. BAKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 09-1274 |
| ) | |
| GERARD ACEVEDO, Warden, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

This matter is now before the Court on Petitioner, David Baker's ("Baker"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, Respondent's Motion to Dismiss [#11] is GRANTED, and the § 2254 Petition [#1] is DISMISSED.

### BACKGROUND AND PROCEDURAL HISTORY

In 2002, Baker was charged with two counts of first degree murder and one count of aggravated battery with a firearm in the Circuit Court of Peoria County.  On May 10, 2004, he pled guilty to the aggravated battery charge and was sentenced to 25-years' imprisonment.  After unsuccessfully attempting to withdraw his guilty plea, he filed a notice of appeal.  Baker's conviction and sentence were affirmed on direct appeal by the Illinois Appellate Court on January 26, 2006.  Baker's petition for leave to appeal ("PLA") to the Illinois Supreme Court was denied on May 24, 2006, bringing his direct appeal to a conclusion.

On November 3, 2006, Baker filed a post-conviction petition in which he raised essentially three claims: (1) his trial counsel was ineffective because he suffered from mental illness during his representation of Petitioner, and he incorrectly advised Petitioner about his potential sentence if he went to trial; (2) his appellate counsel was ineffective for withdrawing without properly investigating his ineffective assistance claim; and (3) the charges violated the Double Jeopardy clause. The petition was denied, and on May 5, 2008, the Illinois Appellate Court affirmed the denial of the petition. Baker then filed a PLA to the Illinois Supreme Court. His PLA was denied on September 24, 2008.

Baker now brings the present action seeking federal review of his state court proceedings. Although the Court did not receive the petition until August 12, 2009, his proof of service asserts that he placed it in the prison mail on July 17, 2009. In his Petition, he raises essentially four arguments: (1) his trial counsel was ineffective and suffered from mental illness during his representation of Petitioner; (2) ineffective assistance of appellate counsel; (3) the charges violated the Double Jeopardy clause; and (4) the trial court erred in not considering his post-conviction petition in its entirety. The State has filed its response, and this Order follows.

## DISCUSSION

There are statutory time limits which govern whether a district court can entertain a petition for writ of habeas corpus. The present case is covered by 28 U.S.C. § 2244, which states in relevant part:

> A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for post-conviction or other collateral review is pending in the state courts is not counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the present case, Baker alleges that he is entitled to relief because of errors purportedly made by his attorneys and the trial court. He makes no assertion that there is any newly recognized constitutional right, that he was prevented from filing, or that he was unable to discover the factual predicate for his claims through the exercise of due diligence. Thus, this case does not involve the application of sub-sections (B), (C), or (D) above.

The Illinois Supreme Court denied Baker's PLA on May 24, 2006, and he did not pursue a petition for writ of certiorari to the United States Supreme Court. His direct appeal therefore became final on August 22, 2006, when the 90-day filing period for pursuing a petition for writ of certiorari expired, and his clock began to run on that day. See Jones v. Hulick, 449 F.3d 784, 787-788 (7th Cir. 2006). Seventy-three days elapsed between the time Baker's conviction became final and the filing of his post-conviction petition on November 3, 2006. The filing of the post-conviction petition tolled the limitations period

until September 24, 2008, when his PLA to the Illinois Supreme Court was denied. Unlike direct appeal, the 90-day time period for pursuing a petition for writ of certiorari does not toll the limitations period on appeal from post-conviction proceedings. Jones, 449 F.3d at 788; Lawrence v. Florida, 549 U.S. 327, 337 (2007). Accordingly, the clock began to run again on September 24, 2008, and ran until he placed this petition in the prison mail on July 17, 2009, allowing another 296 days to elapse, for a total of 369 untolled days.

Thus, the untolled time that elapsed between the time Baker's appeal became final and the filing of his post-conviction petition plus the untolled time that elapsed after his post-conviction petition became final was 369 days, which exceeds the statutorily prescribed 1-year period of limitations after which a federal court cannot entertain a petition brought pursuant to § 2254 by a prisoner in state custody. Therefore, the petition must be denied as untimely.

Baker argues that the 90-day period for pursuing a petition for writ of certiorari should be excluded from the calculation because the post-conviction process is really a separate proceeding. However, clear precedent from the Seventh Circuit and Supreme Court rejects this argument. Jones, 449 F.3d at 788; Lawrence, 549 U.S. at 337. Baker next asks the Court to "re-examine the decision in Jones", which this Court lacks the authority to do. This is a hierarchical system, and the opinions of the Seventh Circuit and Supreme Court are binding here.

Baker then suggests that he should benefit from equitable tolling as a result of his ignorance of the law and procedure. The Court first notes that the Seventh Circuit has not held that equitable tolling is available in the context of a § 2254 petition, referring to its availability as "dubious." Williams v. Buss, 538 F.3d 683, 685 (7th Cir. 2008), *citing* Johnson

v. Chandler, 224 Fed.Appx. 515, 519 (7th Cir. 2007); Williams v. Sims, 390 F.3d 958, 963-64 (7th Cir.2004); Modrowski v. Mote, 322 F.3d 965, 967 n.12 (7th Cir. 2003). Even if equitable tolling is available, it requires "extraordinary circumstances far beyond the litigant's control . . . ." Id., *citing* United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id., *citing* Pace v. DiGuglielmo, 554 U.S. 408, 418 (2005).

In this case, the "extraordinary circumstance" alleged by Baker is that because "a pro se petitioner filing a habeas petition is not properly schooled in every aspect of the law as a lawyer would be," he did not have the information necessary to know about the filing deadlines and exclusion of the 90-day period to pursue certiorari following the post-conviction process. However, Baker's pleadings contain an abundance of citations to federal case law, indicating that federal case law is clearly available to him for purposes of conducting legal research. As the exclusion of the 90-days for seeking certiorari from the tolling period was established in this circuit as early as 2006 with the decision in Jones and was made applicable to the entire country by Lawrence in 2007, he clearly had the means to research and calculate the limitations period for filing the present petition following the denial of his PLA in 2008. Accordingly, there was no extraordinary circumstance standing in Baker's way, and he could have filed a timely petition with the exercise of due diligence. Baker cannot benefit from equitable tolling to cure his Petition's untimeliness.

## CONCLUSION

For the reasons set forth herein, Respondent's Motion to Dismiss [#11] is GRANTED, and Baker's Petition for Writ of Habeas Corpus pursuant to § 2254 [#1] is DISMISSED as untimely.  This matter is now terminated.

ENTERED this 30th day of December, 2009.

                                                s/ Michael M. Mihm
                                                Michael M. Mihm
                                                United States District Judge